IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETTY CAMPFIELD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-04-1548-W |
| UNITED STATES of AMERICA, DEPARTMENT of DEFENSE, ex rel DEPARTMENT OF AIR FORCE, | ) |
| Defendant. | ) |

FILED
JUL 19 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

## ORDER

Before the Court is the plaintiff, Betty Campfield's Motion to Vacate Order of Dismissal. The Court dismissed the plaintiff's action for the second time on June 8, 2005 finding she had failed to comply with its April 25, 2005 order granting her additional time in which to obtain service upon the defendant named in her suit.

The plaintiff commenced this action against the United States of America Department of Defense, ex rel. Department of Air Force on November 12, 2004. Lacking any indication in the record that service was thereafter obtained, the Court, on April 6, 2005, ordered the plaintiff's counsel, Eric A. Urbach, to show good cause in writing on or before April 12, 2005, why the matter should not be dismissed. That order was ignored and the Court issued its first order of dismissal on April 18, 2005. On April 21, 2005, the plaintiff moved to vacate the order of dismissal alleging she had properly served the defendant by sending by certified mail a copy of the summons and complaint to the United States attorney for the Western District of Oklahoma. Even assuming that her mailed service was effective with regard to the United States attorney, it was not sufficient to obtain service over the defendant herein. Pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure, service upon the United States shall be effected by serving not only the United States attorney for the district

n which the action is brought, but also by "sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia." F.R.Civ.P. 4(i)(1)(A) and (B). Service upon an agency or corporation of the United States is effected by "serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail" to the agency or corporation. FedRCivP 4(i)(2)(A).

Although the plaintiff was represented by an attorney whose capacity to identify and understand the applicable rules is presumed, and although that attorney offered no cause why service had not been obtained and no excuse for having disregarded the Court's show-cause order, the Court nonetheless granted the plaintiff an extension of Rule 4(m)'s 120 day time limit for service. By order dated April 25, 2005, the Court vacated its first order of dismissal and pointed the plaintiff and her counsel to Rule 4's provisions governing service of the United States and its agencies. The Court directed the plaintiff to serve all necessary persons by May 16, 2005. The Court further directed that plaintiff file proof of service on those parties by May 23, 2005. Finally, the Court cautioned the plaintiff that failure to comply with either of those directives could result in the dismissal of her action. Despite the Court's warning, the plaintiff complied with neither explicit directive.

On May 16, 2005, the plaintiff appears to have delivered a copy of her summons and complaint to the United States attorney for this district. On May 19, 2005, she filed her proof of service on the United Sates Attorney. A search of the docket on May 25, 2005, revealed no evidence that the plaintiff had served either the Attorney General of the United States or the Department of the Air Force. The Court carefully balanced the harshness of dismissal against the Court's interest in the orderly and expeditious disposition of cases and concluded that dismissal was

appropriate in this case. See United States v. Health Net, Inc., 400 F.3d 853 (10th Cir. 2005) (dismissal is an appropriate response to a party who disregards court orders and fails to proceed as required by court rules). On June 8, 2005, the Court dismissed the plaintiff's complaint a second time.

In her motion to vacate the Court's second order of dismissal, the plaintiff recites that she obtained service on the Attorney General of the United States on May 23, 2005, and on the Department of Defense on May 19, 2005. Despite the fact that these dates clearly fall outside the time for service set forth in the Court's order, the plaintiff offers no reason or excuse for her untimeliness.[1] The certified mail return receipts attached as exhibits to her motion indicate that the plaintiff did not even mail the copies of her summons and complaint until May 16, the date specified by the Court for *completion* of service. Additionally, those same return receipts show that the plaintiff addressed her mailings to the "Office of the Attorney General Deputy Director, Office of Information and Privacy," and to "AFLSA/JACT, Attn: John McCune." These are not persons designated for service of process under Rule 4. Thus, even had her service been timely, it appears that the plaintiff failed to address those persons required to obtain service upon the defendant.[2] Finally, the plaintiff made no attempt to file the required proofs of service until she submitted her motion to vacate on June 14, 2005.[3]

---

[1] As the plaintiff appears to acknowledge, "[s]ervice of process becomes effective when the summons and complaint are received – not when mailed – by the Attorney General." 1 *Moore's Federal Practice*, §4.55[4] (Matthew Bender 3d ed.).

[2] Rule 4(i)(1)(B) is designed to help the Department of Justice monitor its field offices and maintain a central register of litigation. Failure to address the Attorney General as specified in Rule 4 defeats this purpose. See Tuke v. United States., 76 F.3d 155, 157 (7th Cir. 1996).

[3] The plaintiff seeks to excuse her failure to comply with the Court's order with the statement that she "had the mistaken understanding that proof of service was only required tor the service on the

This is not a situation where a pro se plaintiff is lost amid the technicalities of the Federal Rules. The plaintiff is represented by counsel licensed to practice in this tribunal. His failure to read and understand the applicable rules and the Court's orders constitutes neither good cause nor justifiable excuse for lack of compliance. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994) (counsel's misinterpretation of rules does not equate to good cause for failure to serve process); see also Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996) (failure to read a rule is the antithesis of good cause). As neither the plaintiff nor her counsel have offered good cause or justifiable excuse for having failed to comply with the Court's rules and orders, the Court finds the plaintiff's Motion to Vacate should be and hereby is DENIED.

ENTERED this 19th day of July, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

United States attorney for the Western District of Oklahoma." The Court's April 25, 2005 order is simply too clear to have contributed to any such misunderstanding.